### NATHANIEL SNOW *vs.* GEORGE CLARK & others.

A nonresident owner of real estate may be arrested for nonpayment of taxes thereon, after due demand upon him, and failure of the officer upon diligent search to find any goods belonging to him or on the estate.

An officer, who returns upon a warrant for the collection of a tax, assessed upon real estate to a nonresident owner thereof, that, "having made diligent search for goods of" the said owner " and for goods upon the said real estate, whereon to levy this warrant," he arrested the said owner, does not make himself liable as a trespasser, by not more distinctly stating that he was unable to find such goods.

ACTION OF TORT against the assessors of North Bridgewater and a deputy sheriff of Plymouth County, for an arrest and

imprisonment of the plaintiff. Trial before *Merrick*, J., who signed this bill of exceptions :

The plaintiff was taxed in that town as a nonresident owner of real estate ; and the assessors gave their warrant to the collector of taxes ; and he issued his warrant to the deputy sheriff, who, after due demand and nonpayment, and diligent search for goods and chattels of the plaintiff, and for goods upon the premises assessed, arrested the plaintiff and imprisoned him in the county jail.

There was no evidence of any failure of the collector to find sufficient goods upon which the tax might be levied, except the return of the deputy sheriff, which set forth a demand and refusal, and that the officer, " having made diligent search for goods and chattels of the said Snow, and for goods upon the premises assessed, whereon to levy this warrant for the discharge of his said tax or any part thereof," arrested his body, and committed him to jail.

The plaintiff requested the judge to instruct the jury " that for a tax assessed upon real estate the body of the plaintiff could not lawfully be taken, and that the only remedy of the collector in default of payment was to sell the property under the statute ; and " that the said return did not show a justification, because it did not show that the officer did not find sufficient goods upon which said tax might be levied." But the judge refused to give these instructions, and ruled the exact contrary of each of these propositions. A verdict was rendered for the defendants, and the plaintiff alleged exceptions.

. *J. A. Jacobs*, for the plaintiff. 1. The only remedy for nonpayment of a tax on real estate is by distress of goods, or sale of the land, notwithstanding the general language of Rev. Sts. *c.* 8, § 11. Constitution of Mass. *c.* 1, § 1, art. 4. Otherwise a mortgagor, tenant at will, tenant by sufferance, heir, assignee in insolvency, or other citizen whose interest in the land is valueless, may be thrown into jail for such tax ; and if such interpretation be oppressive in any case, it cannot be the true meaning of the legislature. Rev. Sts. *c.* 7, §§ 7, 18, 19.

2. In this case, at any rate, the arrest was unlawful, because

there is no evidence of a want of goods whereon to levy, the officer's return being consistent with his finding such goods *Shields* v. *Hastings*, 10 Cush. 247.

*M. G. Cobb*, for the defendants, cited, to the first point, Rev. Sts. *c.* 8, §§ 7, 11, 13, 18, 19; *Gordon* v. *Clifford*, 8 Foster, 402; *Shaw* v. *Peckett*, 25 Verm. 423; *Allen* v. *Gleason*, 4 Day, 376, and to the second, *Stevens* v. *Kent*, 26 Verm. 503; *Stone* v. *Dana*, 5 Met. 98.

Merrick, J. 1. The plaintiff insists that a tax duly assessed upon land of a nonresident proprietor can be collected only by a seizure and sale of personal property or of the land itself. If this position could be maintained, the further proposition contended for by him, that the defendants acted without legal authority, and were trespassers in causing him to be arrested and imprisoned for the purpose of enforcing the payment of the tax imposed upon his land, would follow as a direct and necessary consequence. But the terms in which the provisions of the statute upon this subject are expressed are too explicit to admit of any doubt in their interpretation; and they so clearly afford a further and additional remedy for the collection of a tax, that the conclusion of the defendants cannot be adopted without a manifest perversion of their meaning. If any person neglects for fourteen days after demand to pay his tax, the collector, if unable to find goods upon which to levy it, may take the body of such person and commit him to prison, there to remain until he shall pay the tax and charges of commitment and imprisonment. Rev. Sts. *c.* 8, § 11. And the like proceeding precisely may be had in the collection of taxes upon land of. nonresident proprietors. § 19. If cases may be supposed, such perhaps as some of those referred to by the plaintiff's counsel, in which the application of the imperative rule of the statute in the collection of taxes would seem to be too hard and severe to justify its continuance, relief should be sought in its modification by the legislature and not in its abrogation by judicial construction.

2. The arrest of the defendant could be justified only upon its being made to appear in the return of the officer that he

could find no goods whereon to levy the tax. This is not indeed said by him in express terms; but taking into consideration the whole of the return, that conclusion appears to be a direct and unavoidable implication from its statements. That is sufficient. It is not suggested by the plaintiff that in fact any goods existed which could, upon search or inquiry, have been found whereon the tax might have been levied; he only relies upon a supposed imperfection, not in the discharge by the officer of his duty, but in the account which he has rendered of its performance; but we see no deficiency which will sustain his objection.                                        *Exceptions overruled.*